UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:08-cr-76 |
| | ) | |
| TRAMMEL HUBBARD | ) | Judge Collier |

## **M E M O R A N D U M**

Before the Court is Defendant's motion to reduce his sentence pursuant to Section 404 of the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act ("the First Step Act"), Pub. L. 115-391, 132 Stat. 5194 (2018). (Doc. 31.) The Government has filed a response in opposition (Doc. 32), and Defendant has filed a reply (Doc. 33).

**I.   BACKGROUND**

On November 13, 2008, Defendant pleaded guilty to one count of possession with intent to distribute five grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack") in violation of 21 §§ U.S.C. 841(a)(1) and (b)(1)(B). (Docs. 14, 15.) On March 5, 2009, Defendant was sentenced to two hundred twenty months' imprisonment, followed by five years of supervised release. (Doc. 19.)

Defendant has now moved to reduce his sentence pursuant to the First Step Act. (Doc. 31.) Defendant asserts he is eligible for a reduced sentence under the First Step Act because he committed a "covered offense" that was reduced by the Fair Sentencing Act, namely he was convicted of an offense involving five grams or more of crack cocaine. (*Id.*) The Fair Sentencing Act increased the quantity of crack cocaine necessary to trigger a mandatory minimum sentence from five grams of crack to twenty-eight grams of crack. (*Id.*) In addition, Defendant's conduct was committed before August 3, 2010, and his sentence has not been reduced by the Fair

Sentencing Act. (*Id.*) Based on the First Step Act, Defendant's new statutory range would be zero to twenty years and his guideline range would be one hundred fifty-one to one hundred eighty-eight months' imprisonment. (*Id.*) Defendant seeks a sentence of one hundred fifty-one months' imprisonment. (*Id.*) Defendant also notes that the minimum term of supervised release is now three years under the First Step Act, and asks that his five-year term of supervised release be reduced accordingly. (*Id.*)

In response, the Government asserts Defendant is not eligible for relief under the First Step Act because a "covered offense" under the First Step Act refers to a defendant's specific conduct, not the statute of conviction. (Doc. 32.) Defendant was held accountable for 32.8 grams of crack cocaine, which was unaffected by the First Step Act. (*Id.*) Even if the Court finds Defendant is eligible for relief under the First Step Act, the Government urges the Court to deny relief to avoid Defendant receiving a windfall not available to other defendants prosecuted for the same conduct. (*Id.*) The Government also contends Defendant's criminal history and post-conviction conduct do not warrant a sentence reduction. (*Id.*) Defendant was thirty years old when he was sentenced and already had fifteen criminal history points. (*Id.*) In addition, Defendant has incurred three separate disciplinary sanctions while in custody. (*Id.*) As a result, the Government argues Defendant's motion should be denied. (*Id.*)

## II. DISCUSSION

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed . . . but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One such exception is 18 U.S.C. § 3582(c)(1)(B), which states "the court may modify a term of imprisonment to the extent otherwise expressly permitted by statute[.]"

2

In 2010, Congress enacted the Fair Sentencing Act "which aimed to lessen the sentencing disparity between cocaine offenses and those involving crack cocaine." *United States v. Boulding*, 960 F.3d 774, 777 (6th Cir. 2020). Specifically, the Act increased the threshold drug amounts necessary to trigger mandatory minimums for crack offenses. *Id.* However, the Act did not apply retroactively to offenses committed prior to 2010. *Id.* In 2018, Congress remedied this issue by enacting the First Step Act, which makes defendants convicted of a "covered offense" committed prior to August 3, 2010, eligible for a reduced sentence under the Fair Sentencing Act. *Id.* "[E]ligibility for resentencing under the First Step Act turns on the statute of conviction alone." *Boulding*, 960 F.3d at 781.

Here, Defendant was convicted of possession of five grams or more of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Docs. 1, 19.) At the time of his sentencing, the statute had a mandatory minimum of ten years. (Doc. 15.) Pursuant to the Fair Sentencing Act, as made retroactive by the First Step Act, the threshold quantity of crack cocaine necessary to trigger the mandatory penalties in 21 U.S.C. § 841(b)(1)(B) was increased from five grams or more of crack cocaine to twenty-eight grams or more of crack cocaine. Defendant is thus eligible for a sentence reduction pursuant to Section 404(a) of the First Step Act because he was convicted of a "covered offense" that was committed before August 3, 2010, the Court imposed a sentence on him for that offense, and neither exception to the First Step Act applies. *See Boulding*, 960 F.3d at 781.

While the First Step Act does not entitle a defendant to a plenary resentencing, the Court must, at a minimum, conduct a review that "includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors." *Boulding*, 960 F.3d at 784.

3

Under 21 U.S.C. § 841(b)(1)(C), possession with intent to distribute less than twenty-eight grams of cocaine base results in a statutory range of zero to twenty years imprisonment. Defendant has not disputed his career offender status. (*See* Doc. 31.) A career offender who faces a maximum of twenty years in prison has a base offense level of thirty-two. USSG § 4B1.1(b). With three levels removed for acceptance of responsibility, Defendant's new offense level is twenty-nine. An offense level of twenty-nine and criminal history category of VI result in a new guideline range of one hundred fifty-one months to one hundred eighty-eight months in prison.

The Court, then, must conduct a renewed consideration of the § 3553(a) factors.

Regarding the nature and circumstances of the offense, Defendant was arrested for this offense on March 21, 2008, when a Chattanooga police officer saw a vehicle run a stop sign. (Doc. 15 at 3.) The officer tried to stop the vehicle, but it continued for several blocks. (*Id.*) When the vehicle attempted to turn onto grass, it slid into a building. (*Id.*) At that point, the driver, Defendant, got out of the vehicle and began running on foot. (*Id.*) The officer pursued and saw Defendant throw a baggie to the ground. (*Id.*) The baggie contained crack cocaine. (*Id.*) A search of Defendant's rental vehicle revealed a set of digital scales with white powdery residue. (*Id.*) Defendant also had seven hundred fifty dollars in cash. (*Id.*) Defendant was held responsible for possessing 32.8 grams of crack cocaine with intent to distribute.

Defendant also had a significant criminal history at the time of his conviction. Defendant had fifteen criminal history points for convictions ranging from traffic-license violations to aggravated robbery. (Doc. 25 at 5.) At thirty years old, Defendant had already been convicted of five prior drug offenses since turning eighteen, and was on probation for a drug trafficking offense and aggravated assault when he committed this offense. (*Id.*) Defendant also had prior convictions qualifying him as a career offender. (*Id.*)

4

In addition, the Court has considered the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate specific and general deterrence, protect the public from further crimes of Defendant, and provide Defendant with needed education and training, medical care, or other correctional treatment. *See* 18 U.S.C. § 3553(a). The Court has also considered the kinds of sentences available and the sentencing range, and the need to avoid unwarranted sentencing disparities. *Id.*

After considering the parties' arguments, the relevant § 3553(a) factors, and applicable sentencing guidelines, the Court finds a reduction in Defendant's sentence is appropriate. However, a sentence at the bottom of Defendant's new guideline range would not adequately reflect the nature and circumstances of the offense or Defendant's criminal history, or promote respect for the law and protect the public from further crimes of Defendant. The Court will reduce Defendant's sentence to a term of imprisonment of one hundred seventy-five months. This falls towards the upper end of Defendant's new guideline range and is sufficient but not greater than necessary to comply with the purposes set forth in § 3553(a)(2), namely the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public from further crimes of Defendant.

Defendant has also requested a reduction of his term of supervised release because the minimum term after the First Step Act has been reduced to three years. (Doc. 31.)

In considering a term of supervised release, courts are instructed to give particular consideration to a defendant's criminal history. *See* USSG § 5D1.1, Application Note 3(B). "In general, the more serious the defendant's criminal history, the greater the need for supervised release." *Id.*

Here, Defendant's criminal history includes several drug offenses and violent offenses, including aggravated robbery and aggravated assault. Considering the seriousness of Defendant's criminal history along with the remaining § 3553(a) factors, the Court finds the original five-year term of supervised release remains sufficient but not greater than necessary to comply with the purposes outlined in § 3553(a)(2). Accordingly, the Court will not reduce the term of supervised release.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 31) will be **GRANTED IN PART**. Defendant's sentence of two hundred twenty months will be reduced to one hundred seventy-five months' imprisonment. His term of supervised release and conditions for supervised release will remain the same.

**An appropriate order will enter.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**